No. 2667

Second Circuit

## THE GADDIS CO., LTD., v. LITTON

(April 5, 1929. Opinion and Decree.)

Ponder and Ponder, of Many, attorneys for plaintiff, appellee.

. R. A. Fraser, of Many, attorney for defendant, appellant.

WEBB, J. Plaintiff, The Gaddis Company, Limited, a corporation, brought this action to recover judgment against defendant, Mrs. Jack Litton, on an account, one of the items of which was for an amount alleged to have been paid by plaintiff at the request of defendant to the Hardie & Glaspie Company for an account held by that company against the deceased husband of defendant, in answer to which the defendant pleaded a general denial.

On trial judgment was rendered against defendant as prayed for, and she appeals, and urges that the judgment should be amended and the demand of plaintiff rejected as to the amount alleged to have been paid by plaintiff to the Hardie & Glaspie Company for the account against defendant's deceased husband, it being urged that parol evidence was not admissible to prove the correctness of the account held by the Hardie & Glaspie Company against the deceased, and, further, that the evidence does not show payment of the amount alleged to have been paid by plaintiff to the Hardie & Glaspie Company.

The question as to the admissibility of parol testimony to prove the liability of the deceased husband is not involved in the suit, but the question is whether or not defendant had requested plaintiff to pay the amount alleged to have been paid by it to the Hardie & Glaspie Company, and whether the amount was paid; as it must be conceded that defendant, after the death of her husband, was at liberty to pay his debts or those of the community, and that she had, as any one else would have had, the right to request another to pay the account, and bind herself for the repayment of such amount.

While the evidence does not show that defendant instructed plaintiff to pay the Hardie & Glaspie Company any specific amount for the account, it is stated by the president of the plaintiff company that defendant had requested it to pay the account, and that plaintiff paid one hundred ninety-three and 77-100 dollars to the Hardie & Glaspie Company for the account,

and that Mrs. Litton had promised to repay the amount.

There is not any evidence in conflict with the statement that the account had been paid at the request of Mrs. Litton, or with the statement that Mrs. Litton had, after the amount had been paid by plaintiff, promised to repay same, and although the evidence is not as definite as it might have been, there is not any indication that Mrs. Litton was under any duress or that any fraud had been practiced by which Mrs. Litton had been induced to request plaintiff to pay the account held by the Hardie & Glaspie Company or to obtain her promise to repay the amount or her ratification of the action of plaintiff company in paying the account, and we are of the opinion that the proof was at least sufficient to make a prima facie showing.

The defense that the amount was not paid by plaintiff is based upon the evidence showing that the payment was made by the president of plaintiff with his personal check. However, the evidence shows that the payment was made for the plaintiff company, and it is not suggested that the judgment will not be binding on or shut off any possible claim that the president of the plaintiff company could have against the defendant by reason of the payment having been made with his personal check.

The judgment appealed from is therefore affirmed.